JOHN McGRATH, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

Burglary : EVIDENCE. Where, in a prosecution for burglary by breaking and entering a dwelling-house, with intent to steal, it was shown that the entry was through an open transom, and it did not appear that there was any breaking, either actual or constructive, and the accused being convicted, *It was Held,* That the verdict of the jury was not sustained by sufficient evidence.

ERROR to the district court for Douglas county. Tried below before GROFF, J.

*Henry E. Maxwell,* for plaintiff in error, cited : *State v. Wilson,* 1 Am. Dec., 216. *Williams v. State,* 52 Ga., 580. *Green v. State,* 68 Ala., 539. *Stone v. State,* 63 Ala., 115. *Pines v. State,* 50 Ala., 153. Roscoe Cr. Evidence, 340. 2 Russ. on Crimes, 2. 4 Blackstone Com., 226.

*William Leese, Attorney General,* for defendant in error.

REESE, CH. J.

The county attorney of Douglas county filed an infor-mation in the district court, charging plaintiff in error with the crime of burglary.

To this information he pleaded not guilty, and upon a trial being had he was found guilty and sentenced to the penitentiary.

The cause is brought to this court by proceedings in error; the only assignments of error being, that.the ver-dict of the jury is not sustained by sufficient evidence and is contrary to law, and that the court erred in overruling the motion for a new trial.

The motion for a new trial was based upon the ground that the verdict was not sustained by sufficient evidence, and was contrary to law.

It appears from the testimony of Mr. Joseph Lowe, that, at the time of the commission of the alleged burglary, he and one John Woods were residing in a room on Douglas street, in the city of Omaha, and that upon the evening of the commission of the alleged crime, at about the hour of nine o'clock, Mr. Lowe went into his room, first unlocking the door thereof, and when in the room he discovered the form or outline of some one therein, and at the same time came in contact with him; that he withdrew from the room, when the door was closed by the person within, and which be-came locked by a spring lock. After withdrawing from the room Mr. Lowe requested another person, who was in a room below, to turn on the alarm for the police, when he returned up the stairs toward the room where the person was. He was soon followed by the individual who had called for the police, and informed that the person in the room was perhaps "going out the back way." He then went around to the rear of the building, when he saw plaintiff in error come out of the second story window in

the rear of the house, and who came to the rear fence, climbed over, and as he did so, he was caught by Mr. Lowe, and turned over to the police.

This testimony was, to a great extent, denied by plaintiff in error upon the witness stand, although he admitted the arrest in the alley at the rear of the building.

Assuming the testimony of Mr. Lowe to be true, and that there is no doubt of the identity of plaintiff in error with the person in the room, it becomes necessary to inquire whether or not the facts proven will sustain the verdict and judgment.

Section 48 of the criminal code provides that, " if any person shall, in the night-season, willfully, maliciously, and forcibly break and enter into any dwelling-house, * * * with intent to kill, rob, commit rape, or with intent to steal property of any value, or commit any felony, every person so offending shall be deemed guilty of burglary," etc.

In order to establish the commission of this crime, the person charged must be proven to have forcibly *broken* and entered the building referred to in the information.

The witness Lowe testified that the door was locked, and that plaintiff in error " must have got in over the transom." That they found marks of where he had got in where the dust had been removed, and "where he had slid down the door."

It appears that the transom over the door was open, and that the entry was made by climbing over the door and through it. There is no proof that the window through which plaintiff in error made his escape was closed, or that he had opened it.

The cause was evidently tried upon the theory that going through the open transom was sufficient breaking, as the third instruction given by the court to the jury was as follows:

" 3d. To constitute a crime of burglary, there must be

either actual or constructive breaking. You are instructed that, if in this case you believe from the evidence beyond reasonable doubt that the prisoner went into the complaining witness' room over the transom, closed or unclosed, or that he gained access to the house by lifting the latch of a door, for the purpose and with the intent of stealing and committing a felony, then you should find him guilty, but if you do not so believe then you should acquit."

It will be observed by the language of the section of the criminal code above quoted, that no definition of the word " break " is given, but that the common law form of, " maliciously and forcibly break and enter," is used.

The rule is well settled by all the writers upon the subject of criminal law, as well as substantially all the decisions, that to commit a burglary at common law, or under the language of a statute similar to ours, there must be a breaking and an entry. That the breaking must be actual, and not arise from a mere legal construction. And that an entry by an open door or window is not a burglary.

The force mentioned in the statute does not imply a destruction of any part of the building, or even the breaking of a latch or lock. The opening of a door or window or casement; the picking of the lock of the door, or unlatching and opening a door; the bending aside of nails, or otherwise unloosing fastenings, may be burglary. But some kind of a breaking is necessary, except, perhaps; where the thief enters through a chimney which cannot be further enclosed. See Maxwell's Criminal Procedure, 104. 2 Russell on Crimes, 2. Harris' Criminal Law, 208. Tiffany's Criminal Law, 611. Desty's Am. Crim. Law, Sec. 141 B. Wharton's Am. C. L., Sec. 1532. Am. and Eng. Enc. of Law, Title Burglary.

There being no proof of a forcible breaking and entry, it follows that the verdict of the jury was not sustained by sufficient evidence, and a new trial must be had.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

COBB, J., concurs.

MAXWELL, J., did not take any part in the decision.