STATE OF NEBRASKA, APPELLEE, V. CHARLES SEDLACEK, APPELLANT.

133 N. W. 2d 380

Filed February 19, 1965. No. 35898.

Clarence C. Kunc, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SPENCER, J.

The appellant, Charles Sedlacek, who will hereinafter be referred to as defendant, was convicted of the crime of burglary and found to be an habitual criminal under section 29-2221, R. R. S. 1943. Defendant was sentenced to 14 years in the Nebraska Penal and Correctional Complex, and has perfected an appeal to this court.

The defendant owns and lives on an acreage in Crete, Nebraska. This acreage adjoins property owned by one

Albert L. Yant, hereinafter referred to as Yant. The houses on the respective properties are approximately 3 blocks apart and are separated by a creek and a wooded area. The Yant house consists of three rooms with a full basement and is entered through a door opening into a kitchen from a screened-in porch. The screened-in porch has an outside combination storm and screen door which is held closed by two door springs and is locked on the outside by the use of a hasp, shackle, and a padlock.

Yant testified that on the morning of January 18, 1964, when he left his home a shotgun owned by him and valued at $20 or $25 was in the corner of the kitchen behind the kitchen door. This kitchen door was closed but not locked. The porch door was closed with the lock through the shackle, but Yant did not remember whether he had actually locked the padlock. He did not return home until late that night. Early the next morning he noticed that the shotgun was gone and called the Crete police chief.

Yant and the defendant had been acquainted most of their lives, but became neighborly during the summer of 1963. Yant, who was a bachelor and lived alone, testified that he and defendant and defendant's wife went to Omaha on five or six occasions between that time and January 18, 1964. On these occasions, the defendant would drive Yant's car. Defendant testified the last trip was made on January 16, 1964. Yant testified that it was at least a week earlier. On this last occasion, Yant suggested that his car had a bad tire when the defendant asked him to go to Omaha. The defendant then furnished a tire, and, as the tire was a different size than the one being replaced, he also furnished a wheel for the car. Defendant, who was a mechanic, had on other occasions made minor adjustments on Yant's car. Yant also testified that over this same period the defendant had visited with him in his home on three or four occasions.

The defendant was seen on the Yant premises the afternoon of January 18, 1964, by two of Yant's neighbors. They observed him crawling around an old automobile in the yard. They did not see him take anything, and lost sight of him when he went behind the Yant house. One of the witnesses, however, did observe his shadow as he walked toward the creek through the trees behind the house. On January 23 or 24, the Crete police chief visited with the defendant in the presence of defendant's wife at defendant's home about the missing shotgun and some other missing property. On that occasion, the defendant said that he knew nothing about the shotgun, and that Yant was "trying to get something on him is the reason he accused him of maybe taking his gun." Defendant denies the shotgun was mentioned on this occasion, but does admit the police chief was asking about property Yant claimed was missing. On January 30, 1964, the shotgun was sold by the defendant to a pawnbroker in Omaha for $11.

The defendant admitted that he took the shotgun to Omaha on January 30, 1964; that he sold it to the Mid-City Jewelry and Loan Company for $11; and that he issued a required bill of sale for it. He also admitted that on January 18, 1964, the shotgun was the property of Yant. Defendant further admitted that he was on the Yant premises on January 18, 1964, while Yant was gone. He testified, however, that he was there to look at an old car Yant had told him was for sale. It was the same model as his own and he wanted to see if he could use some of its parts. He denied ever entering any portion of the house.

Defendant explained possession of the shotgun by testifying that Yant brought it to his home on January 18, 1964, and said that he was going to give it to him in exchange for the tire and wheel which had been put on his car and that he wanted another tire and wheel of the same size. It was defendant's testimony that his wife was present on this occasion. The wife did not testify

herein. The only testimony for the defense was that of the defendant himself. He later testified that he first learned that Yant claimed the gun was missing when he was picked up for burglary on February 18, 1964.

Yant testified that he never loaned, traded, sold, or gave the shotgun to the defendant. He testified he had not taken the shotgun out of the house, and that the last time he saw it was when he left on January 18, 1964, when it was behind the door in the kitchen of his home, and that it was gone the next morning. He also testified that on February 3, 1964, the defendant told him that he knew nothing about the shotgun. This would have been 4 days after the defendant sold the shotgun.

Defendant's seven assignments of error may be condensed to the following: (1) That the State failed to prove the corpus delicti beyond a reasonable doubt; (2) that the evidence was insufficient to sustain a verdict; and (3) that the sentence imposed is excessive.

To sustain a conviction for a crime, the corpus delicti must be proved beyond a reasonable doubt. Whomble v. State, 143 Neb. 667, 10 N. W. 2d 627. The corpus delicti is the body or substance of the crime, the fact that a crime has been committed, without regard to the identity of the person committing it. Wilshusen v. State, 149 Neb. 594, 31 N. W. 2d 544. As applied to the case at bar, the corpus delicti means the actual commission by someone of the crime charged, burglary. That there was sufficient evidence from which the jury could find the corpus delicti proved beyond a reasonable doubt is without question. If the jury believed the Yant testimony, the shotgun had to be taken from his premises by a felonious entry. This must follow since a shotgun has no locomotion of its own, Yant lived alone, and the house was locked, as described above. The lifting of a hook with which a door is fastened, or the opening of a closed door in order to enter a building is a "breaking" within the accepted definition of burglary. Ferguson v. State, 52 Neb. 432, 72 N. W. 590, 66 Am. S. R. 512.

The problem remaining is the identity of the person criminally responsible for the burglary. Is the evidence sufficient to sustain the verdict finding the defendant guilty of the crime? Possession of the stolen shotgun in and of itself is not enough. In Henggler v. State, 173 Neb. 171, 112 N. W. 2d 762, we held: "Evidence that a burglary was committed, together with evidence that some of the property stolen in the burglary was discovered in the possession of the defendant, is not alone sufficient to make a prima facie case of burglary." To sustain a conviction, the evidence must show beyond a reasonable doubt not only that the crime, as defined in section 28-532, R. R. S. 1943, was committed, but that the defendant was the person who committed it.

Defendant admits that he was on the Yant premises the day of the burglary, although he denies entering the house. If the defendant took the shotgun it was necessary to enter the house to do so. No one saw him enter the house, and no one saw him with the shotgun on that occasion. At most we have a circumstance indicating opportunity.

The damaging circumstances, as we view the evidence in this case, involve the statements and the conduct of the defendant after January 18, 1964, at a time when he admittedly had possession of the shotgun. When questioned he denied any knowledge of its whereabouts, and suggested that Yant was trying to get something on him by accusing him of taking the gun. Also, shortly after he was interviewed by the police chief, he took the shotgun to Omaha and sold it. Four days after selling the shotgun he told Yant, " 'I know nothing about it.' " At the trial, he explained the possession of the shotgun by saying that Yant brought it to his home the evening of January 18, 1964, and gave it to him.

These circumstances distinguish this case from one of mere possession of stolen property. We have inferences to be drawn from the conduct and the statements of the defendant which, taken together with the defendant's

possession of the stolen property, clearly presents a jury question. It is not the province of this court in a criminal case to resolve conflicts in the evidence or to pass on the credibility of the witnesses.

In Sedlacek v. State, 166 Neb. 736, 90 N. W. 2d 340, a case involving this same defendant, we said: "The test by which to determine the sufficiency of circumstantial evidence in a criminal prosecution is whether the facts and circumstances tending to connect accused with the crime charged are of such conclusive nature as to exclude every reasonable hypothesis except that of his guilt." We find the evidence herein meets this criterion.

In a criminal action this court will not interfere with a verdict of guilty based upon conflicting evidence unless the evidence is so lacking in probative force that as a matter of law it is insufficient to support a finding of guilt beyond a reasonable doubt. See State v. Nichols, 175 Neb. 761, 123 N. W. 2d 860.

Defendant, who is 64 years of age, contends that in view of his age, the sentence imposed upon him is excessive. Defendant was found to be an habitual criminal, and therefore subject to a sentence of not less than 10 years nor more than 20 years. The sentence imposed was for 14 years. While the information listed only two previous felony convictions, both of which were in Saline County, the county from which defendant was sentenced herein, and the defendant admitted three previous convictions on felony charges, the record indicates that defendant had at least four previous convictions, including the one referred to above and found in 166 Neb. 736, 90 N. W. 2d 340.

Where punishment of an offense created by statute is left to the discretion of a court within prescribed limits, a sentence prescribed within such limits will not be disturbed unless there appears to be an abuse of such discretion. State v. Neuman, 175 Neb. 832, 125 N. W. 2d 5. Clearly, the district court has not abused

its discretion. Section 29-2221, R. R. S. 1943, was intended for the protection of society from habitual criminals, and the sentence imposed herein may well be considered a minimum sentence when considered in the light of the defendant's record.

For the reasons given above, there is no merit to defendant's assignments of error, and the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.