STATE OF NEBRASKA, APPELLEE, v. JOHN HENRY CAMPBELL, APPELLANT.

208 N. W. 2d 670

Filed June 22, 1973. No. 38897.

Casey & Elworth, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

In a criminal prosecution a jury returned a verdict of guilty against defendant on counts of robbery and burglary of a dwelling. Defendant appeals. He contends (1) evidence of a breaking was insufficient in that he entered through an open window and (2) the court erroneously overruled his objection to the array which included no Negros, although defendant is himself a Negro.

The dwelling in question was a recreational cabin, the south side of which consisted of a screened porch.

Entrance by defendant to the porch was gained by the opening of a door that had been closed but not fastened. Indeed some time earlier the victims of the robbery without consent of the lessee or the owner had entered the porch. No door or way connected the porch with any other room of the cabin. Several windows, however, were located on the north side of the porch. One, which was broken and open, led to a bedroom from which access to other rooms was provided by doors and ways. Defendant gained entry from the porch to the bedroom by climbing through the open window, and he took property from rooms other than the screened porch.

A breaking necessary to constitute the offense of burglary may be by any act of physical force, however slight, by which the obstruction to the entering is removed. The lifting of a hook with which a door is fastened or the opening of a closed door in order to enter a building is a breaking, although the entry might have been effected through a door already open. State v. Sedlacek, 178 Neb. 322, 133 N. W. 2d 380 (1965); Hayward v. State, 97 Neb. 9, 149 N. W. 105 (1914); Ferguson v. State, 52 Neb. 432, 72 N. W. 590 (1897); McGrath v. State, 25 Neb. 780, 41 N. W. 780 (1889). In the present case the evidence was sufficient to sustain findings that the porch door had been closed and that the opening of the door was a breaking.

Defendant objected to the array without offering to show any facts to support his objection. The county attorney estimated that not more than 10 Negro families resided in Cass County.

Although a defendant is not entitled under all circumstances to a jury containing members of his race, a state's purposeful racial denial of their participation as jurors in the administration of justice violates the Equal Protection Clause. Such discrimination, however, may not be assumed, but must be proved. It is not proved by establishing that an identifiable group in a

community is underrepresented by as much as 10 percent. Swain v. Alabama, 380 U. S. 202, 85 S. Ct. 824, 13 L. Ed. 2d 759 (1965). There is no proof of such discrimination in the present case.

The judgment is affirmed.

AFFIRMED.