STATE OF NEBRASKA, APPELLEE, V. FRED EDWARD STEWART, APPELLANT.

236 N. W. 2d 834

Filed December 24, 1975. No. 40144.

John J. Battershell of Cunningham Law Office, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

The defendant was charged with breaking and entering with intent to steal. After a preliminary hearing he was held for trial. He then moved that the transcript of the preliminary hearing be suppressed, the information quashed, and the case remanded for a preliminary hearing. The information had been filed on July 25, 1974. The motions were filed on September 16, 1974, and on that date a copy of the information was served on the defendant. The defendant was out on bond and, it appears, absent until September 16, 1974. On that date defendant entered a waiver of his appearance at future proceedings until trial. On January 14, 1975, the pretrial motions were overruled. On February 13, 1975,

defendant was arraigned and waived any complaint based on the lack of a speedy trial due to delays thereafter occurring. Trial commenced on April 10, 1975.

The present action is one in habeas corpus. Defendant relies on the overruling of the motions dealing with the sufficiency of the evidence and the transcript of the preliminary hearing; also, he charges he has been denied a speedy trial. We affirm the judgment denying the requested writ of habeas corpus.

Habeas corpus will not lie to challenge the sufficiency of the evidence at a preliminary hearing. See, State v. Franklin, 194 Neb. 630, 234 N. W. 2d 610; Kruger v. Brainard, 183 Neb. 455, 161 N. W. 2d 520. Furthermore, examination of the record of the preliminary hearing reveals ample evidence justifying the binding over of the defendant. The defendant was seen entering the premises involved and was apprehended while hiding in the basement.

Under section 29-1207, R. S. Supp., 1974, trial is to be held within 6 months after the filing of the information. The statute specifically excludes from computation the time from filing to final disposition of pretrial motions, and any delay resulting from the absence of the defendant.

It is evident that this appeal is frivolous and the judgment of the District Court is affirmed. See Rule 20.

AFFIRMED.