STATE OF NEBRASKA, APPELLEE, V. PAT L. CLASSEN, APPELLANT.

343 N.W.2d 749

Filed January 27, 1984. No. 83-411.

Owen A. Giles, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The defendant was convicted of breaking and entering with intent to steal and was sentenced to imprisonment for 2 to 6 years. He has appealed, and contends that the trial court erred in overruling his motion for discharge and that the evidence of breaking was not sufficient to sustain the verdict of guilty.

The offense was committed at about 1:45 a.m. on April 21, 1982. The defendant was apprehended inside a storage building of the Montgomery Ag Equipment Company, a farm implement and feed dealer. The building had been under surveillance by four state patrolmen. The patrolmen testified that the defendant entered the building through a

closed and locked door. That was sufficient evidence of breaking, if believed, to sustain a finding beyond a reasonable doubt. Evidence of any act of physical force, however slight, by which the obstruction to entering is removed is sufficient to prove a breaking. *State v. Campbell*, 190 Neb. 394, 208 N.W.2d 670 (1973).

Although the evidence does not show exactly how the defendant opened the door, such evidence is unnecessary where there is evidence that the door was closed and locked at the time the defendant entered the building.

The motion for discharge was based upon Neb. Rev. Stat. § 29-1207 (Reissue 1979), which requires that a defendant be brought to trial within 6 months after the information was filed. Delay attributable to the defendant is excluded in computing the statutory period.

The record in this case shows that the defendant was bound over to the district court on June 10, 1982. An information was filed on August 13, 1982. Trial commenced February 14, 1983.

The record further shows that on January 31, 1983, the defendant filed a motion for discovery, a motion for reinstatement of bond, and the motion for discharge. On February 11, 1983, these motions were heard and sustained or overruled.

The time utilized in the disposition of pretrial motions filed by the defendant is excluded under § 29-1207(4). *State v. Stewart*, 195 Neb. 90, 236 N.W.2d 834 (1975). When the time involved in disposing of the defendant's pretrial motions is excluded, the statutory requirement of 6 months is satisfied. The motion for discharge was properly overruled.

There being no error, the judgment is affirmed.

AFFIRMED.