STATE OF NEBRASKA, APPELLEE, V. CALVIN T. LYNCOOK,
APPELLANT.
419 N.W.2d 686

Filed February 26, 1988.   No. 87-641.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly, for appellant.

Robert M. Spire, Attorney General, and Linda L. Willard, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

A jury found Calvin T. LynCook guilty of violating Neb. Rev. Stat. § 28-517 (Reissue 1985): "A person commits theft if he receives, retains, or disposes of stolen movable property of another knowing that it has been stolen, or believing that it has been stolen, unless the property is received, retained, or disposed with intention to restore it to the owner." In his only assignment of error, LynCook contends that the evidence is insufficient to sustain the verdict.

During the early morning hours of August 19, 1986, someone gained entry into the "Clothes Works," a ladies' ready-to-wear store in Omaha, by hurling two concrete blocks through the store's glass front door. As the result of that break-in, several items of women's clothing were stolen from the Clothes Works.

In the evening of August 24, 1986, Lt. Anthony L. Infantino of the Omaha Police Department obtained a warrant authorizing a search of premises described as "3207 N. 61 st.

Apt. 2" in Omaha. The warrant also authorized search of a 1975 Buick Electra. When there was no response to their knock at the door of apartment No. 2, designated in the search warrant, Lieutenant Infantino and other police officers entered that four-room apartment. Inside, the police found several items of new women's clothes scattered on the floor, which were on hangers used to display merchandise in stores and still bore price tags. During their search of the apartment's bedroom, officers discovered a green plastic trash bag containing various items of women's apparel with price tags of the Clothes Works. Labels bearing "Jack Winter" were attached to several articles in the plastic trash bag and were also found in the bedroom wastebasket. The closet and dresser contained only men's clothing.

Later in their search, the officers came across a blue copy of a Nebraska sales and use tax statement for an automobile purchased by a "Calvin Lyncook" on April 25, 1986. The purchaser's Omaha address was "3207 No. 61st #2." Also, on the top of the dresser was an envelope from Immanuel Medical Center which bore a postmark of June 16, 1986, and was addressed to "CALVIN T LYNCOOK 3207 N 61 CT #2" in Omaha.

While some officers were searching the apartment, at a nearby parking lot other officers found the 1975 Buick Electra described in the search warrant. That Buick was registered in the name of "Calvin T. Lyncook." When officers searched the Buick's trunk, they found two concrete blocks, one weighing 40 pounds and the other weighing 25 pounds. LynCook was apprehended shortly thereafter.

A few days later the police contacted Lori Slack, manager of the Clothes Works, to identify the women's clothing found in the trash bag at the searched apartment. According to Slack, an inventory had been conducted at the Clothes Works a short time before the August 19 break-in. Among the items brought from the apartment for identification, Slack identified a woman's black blazer with a Clothes Works "ticket on it . . . originally sixty-one ninety-nine . . . marked down to forty-five ninety-nine." There were nineteen other items of women's apparel, including pants, blazers, and a skirt, identified by

Slack as merchandise stolen from the Clothes Works. Slack explained the sales procedure at the Clothes Works: when an item was sold, the perforated sales ticket for the item was torn and detached from the sold merchandise to keep track of sales. The items identified by Slack bore Clothes Works "tickets" which remained intact and attached to the identified items. The articles of clothing which had been identified by Slack had "Jack Winter" labels. Jack Winter, the parent company of the Clothes Works, manufactured the identified articles. Other than the Clothes Works, no store in Omaha or Council Bluffs handled the Jack Winter line. Slack also identified the concrete blocks which police had taken from the trunk of the Buick Electra as blocks which were substantially the same as those thrown through the front door of the Clothes Works in connection with the August 19 break-in.

At trial the State introduced a copy of a signed application for a Nebraska certificate of title for an automobile and a copy of the corresponding title issued pursuant to that application. The application and title pertained to a 1975 white Buick, the same vehicle described in the search warrant of August 24, 1986. The application for title was signed by "Calvin LynCook," whose Omaha address was "3207 N 61 #2." Pursuant to that application, a certificate of title was issued to "CALVIN T. LYNCOOK . . . 3207 N 61 #2 OMAHA, NE." The State also introduced a copy of an appearance bond regarding "STATE OF NEBRASKA, vs. Lyncook, Calvin T." for the offense of "Theft by Receiving Stolen Property." The bond was dated September 10, 1986, and signed by "Calvin LynCook," whose address was "3207 No. 61st #2."

After conclusion of the evidence presented in the State's case, LynCook offered no evidence.

In determining whether evidence is sufficient to sustain a conviction in a jury trial, the Supreme Court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented to a jury, which are within a jury's province for disposition. A verdict in a criminal case must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that verdict.

*State v. Brown*, 225 Neb. 418, 428, 405 N.W.2d 600, 606 (1987). ˙ The overwhelming evidence substantiates that property was stolen from the Clothes Works and was later discovered by police at LynCook's address, namely, the apartment ostensibly under LynCook's control. The requisite guilty knowledge for the offense is established by the circumstances. The evidence and evidentiary inferences sustain the verdict that LynCook was guilty as charged.

AFFIRMED.