STATE OF NEBRASKA, APPELLEE, V. STANLEY E. JONES, ALSO KNOWN AS RONNIE BANKS, APPELLANT.
434 N.W.2d 333

Filed January 20, 1989.   No. 88-214.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns for appellant.

Robert M. Spire, Attorney General, and Donald E. Hyde for appellee.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and FUHRMAN and WHITEHEAD, D. JJ.

HASTINGS, C.J.

Following a trial by jury, the defendant was found guilty of burglary and theft by receiving stolen property, was thereafter determined to be a habitual criminal, and was sentenced to two concurrent terms of 15 years' imprisonment. He has appealed, assigning as error the insufficiency of the evidence. We affirm.

At approximately 2 p.m. on September 5, 1987, Anne Ludlow and her husband, together with their son, were working in their backyard. The storm door on the front entrance to the house was closed, but the inside door was open. The Ludlows went back inside at approximately 4 p.m., at which time Mrs. Ludlow noticed that her wallet was missing from inside her purse. Also missing was the son's new Seiko watch and $421, mostly in $20 bills. The Ludlows called the police.

In the meantime, after being asked by another Ludlow son, an across-the-street neighbor recalled having seen a white car pull up with two men in it. The car parked, and the driver walked up to the Ludlows' house. He walked up a wheelchair ramp to the front porch, and then he "more or less just disappeared from the porch." A few minutes later, the man returned down the ramp, got back in the car, and drove off.

The neighbor described for the police the man he had seen. He was described as wearing a navy blue shirt with flowers; he

had a cast on his left forearm and had a shower cap on his head. He was about 5 feet 8 or 9 inches tall, and about 160 pounds.

Later on, this neighbor went out to look for the man he had seen. While driving, he saw the defendant and his passenger make a left turn in front of the witness. The witness obtained the license plate number and then called the police from a phone at a nearby store. In the meantime, the witness continued to follow the defendant, until eventually a police officer who had investigated the burglary appeared and pulled the defendant over. The witness followed the defendant and the police officer and was able to make an identification of the defendant.

When stopped by the police, the defendant "very closely" matched the description given by the neighbor. He was wearing the shirt previously described and had a cast on his left arm. A shower cap was found on the driver's seat of the car. He was also wearing a Seiko watch which matched the description previously given by young Ludlow. A search of the defendant turned up 13 $20 bills and some other smaller denomination bills hidden in defendant's socks and front pockets.

The owner of the stolen watch had given the police a detailed description of the missing watch, including the first four digits of the six-digit serial number. He was also able to identify the watch by the location of two scratches on the band. Based on these facts, the owner was able to identify the watch taken from his home as the one defendant was wearing when arrested.

The police also discovered that the license plates on the automobile being driven by the defendant did not belong with that vehicle. The defendant had no driver's license, auto registration, or insurance card for the vehicle. It was discovered that the vehicle had been stolen from Littleton, Colorado, and the registered owner had not given the defendant permission to use the car.

It was on these facts that defendant was convicted of burglary and receiving stolen property. The defendant, perhaps understandably, offered no evidence in his defense. However, he argues the insufficiency of the evidence on the basis that the State did not prove (1) that the defendant entered the Ludlows' house, (2) that there was a breaking and entering, and (3) that the defendant knew the car was stolen.

In determining the sufficiency of the evidence to sustain a criminal conviction, it is not the province of the Supreme Court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence; such matters are for the finder of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Quiring, ante* p. 535, 432 N.W.2d 243 (1988); *State v. Anderson,* 229 Neb. 427, 427 N.W.2d 764 (1988).

The facts show that the defendant was seen on the Ludlows' front porch and that unless he jumped 4 feet off the porch, the only place he could have gone where the neighbor could not have seen him, or where the defendant could have obtained the property found on him, was in the house. Circumstantial evidence is sufficient to support a conviction if such evidence and reasonable inferences that may be drawn from the evidence establish the defendant's guilt beyond a reasonable doubt. *State v. Wiggins, ante* p. 632, 432 N.W.2d 824 (1988); *State v. Zellner,* 228 Neb. 272, 422 N.W.2d 96 (1988).

Mrs. Ludlow testified that the door was shut, and the neighbor also testified that he could have seen if the door was open, and it was not. "The opening of a closed door to enter a building is a 'breaking' within the definition of burglary." *State v. Sutton,* 220 Neb. 128, 131, 368 N.W.2d 492, 495 (1985); *State v. Sedlacek,* 178 Neb. 322, 133 N.W.2d 380 (1965).

As to the defendant's knowledge or belief that the car was stolen, the situation is similar to *State v. Holman,* 221 Neb. 730, 380 N.W.2d 304 (1986). The defendant was charged with theft by receiving stolen property after a police officer discovered four new tires in her trunk. The defendant admitted that she was not the owner of the tires but that she knew who the owner was. Her conviction was affirmed by this court, which found that her statements and the circumstantial evidence were sufficient to support the jury's verdict.

Here, the defendant admitted that the car was not his. The circumstantial evidence creates a strong inference that the defendant knew the car was stolen. Viewed in the light most favorable to the State, the evidence is sufficient to support the defendant's conviction.

This case is not unlike that in *State v. LynCook*, 227 Neb. 719, 419 N.W.2d 686 (1988). In that case, the court found that the circumstantial evidence was sufficient to support the defendant's conviction of theft by receiving stolen property. There, as here, "The requisite guilty knowledge for the offense is established by the circumstances. The evidence and evidentiary inferences sustain the verdict that [the defendant] was guilty as charged." *Id.* at 722, 419 N.W.2d at 688.

All of the defendant's arguments are without merit, and the judgment of the district court is affirmed.

AFFIRMED.