# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4230

_____

| | | |
|---|---|---|
| Jason David Carson, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States District |
| | * | Court for the Southern District of Iowa. |
| Director of the Iowa Department of | * | |
| Correctional Services, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: May 11, 1998

Filed: August 10, 1998

_____

Before McMILLIAN, ROSS and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

ROSS, Circuit Judge.

Jason David Carson appeals from a judgment of the district court[1] denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Supp. II 1996). We affirm.

_____

[1]The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

Around 2:00 a.m. on April 26, 1994, Carson, who had been drinking, was driving his car about 110 miles an hour on a county road. The car left the road at a curve and overturned in a ditch. A passenger in the car died and another suffered serious bodily injury.

Carson was charged with causing homicide and serious bodily injury by vehicle, in violation of Iowa Code Ann. §§ 707.6A.1(b), 3, 321.277 (1993). Section 707.6A provides that death or injury must be caused by a person "[d]riving a motor vehicle in a reckless manner with willful or wanton disregard for the safety of persons or property, in violation of section 321.277" Section 321.277 provides that a person is guilty of reckless driving if he "drives any vehicle in such manner as to indicate either a willful or a wanton disregard for the safety of persons or property." The jury was instructed that persons drive recklessly "when they consciously or intentionally drive and they know or should know that by driving they create an unreasonable risk of harm to others" and that the elements of the offense of reckless driving were "(1) conscious and intentional operation of a motor vehicle, (2) in a manner which creates an unreasonable risk of harm to others, (3) where such risk is or should be known to the driver." Instruction No. 24. The jury was also instructed that it could, but was not required to, conclude that "a person intends the natural results of his acts." Instruction No. 17. The court refused Carson's requests to instruct the jury on willful and wanton conduct and on negligence, his theory of defense.

After his conviction, Carson appealed. The state appellate court rejected his arguments that the jury was improperly instructed on the elements of reckless driving. The court held that Instruction No. 24 included the necessary elements of the offense,

as the offense had been defined by the state supreme court in State v. Conyers, 506 N.W.2d 442, 444 (Iowa 1993), and it was thus unnecessary for the trial court to instruct on willful and wanton conduct. The appellate court also held it was unnecessary for the trial court to instruct on negligence and that Instruction No. 17 did not create an unconstitutional presumption.

In March 1997, Carson filed a petition for a writ of habeas corpus, which the district court denied on October 27, 1997. On November 17, 1997, Carson filed an application for a certificate of appealability, as required by 28 U.S.C. § 2253(c)(1). On November 19, the district court granted the application. Carson filed his notice of appeal on November 28, 1997.

Initially, we address, but reject, the state's argument that this court lacks jurisdiction because Carson's notice of appeal was filed two days after the thirty day time limit of Fed. R. App. P. 4. In this case, Carson's request for a certificate of appealability was filed within Rule 4's time limit and " 'was the functional equivalent of a notice of appeal [because] it fulfilled [Fed. R. App. P.] 3's requirements concerning notice.' " In re SDDS, Inc., 97 F.3d 1030, 1034 (8th Cir. 1996) (quoting United States v. Gundersen, 978 F.2d 580, 583 (10th Cir. 1992)).[2] Even if, as the state asserts, the request was "technically at variance with the letter" of Rule 3, because it did not state

---

[2]In SDDS, this court treated a petition for a writ of mandamus as a notice of appeal. 97 F.3d at 1034. See also Turner v. Armontrout, 922 F.2d 492, 494 (8th Cir. 1991) (motion for certificate of probable cause treated as notice of appeal). Contrary to the state's argument, whether this court treats a document as a notice of appeal is not dependent on a request to do so.

an appeal was being taken to this court, the defect is not fatal. Torres v. Oakland Scavenger Co., 487 U.S. 312, 316-17 (1988). Apparently, the state must be unaware that the Supreme Court has held "[t]he notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal." Smith v. Barry, 502 U.S. 244, 248 (1992). Because the certificate of service shows that a copy of Carson's request was mailed to "Clerk, Eighth Circuit," the state does not, and could not, argue that it lacked notice of Carson's intent to appeal to this court.

We also reject the state's argument that the certificate of appealability is defective. Section 2253(c)(2) provides that a court may grant a certificate of appealability if a petitioner makes "a substantial showing of the denial of a constitutional right." Here, the district court found that Carson had made "a substantial showing that reasonable courts might differ" as to whether the jury instructions violated his due process rights. Contrary to the state's argument, the district court did not utilize an erroneous standard in granting the certificate. This court has held that under section 2253(c)(2) "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), petition for cert. filed, No. 97-9013 (U.S. May 5, 1998).

Although we agree with the state that Carson has failed to demonstrate a substantial showing, we do not, as the state requests, "tak[e] the intermediate and wholly unnecessary step of vacating the certificate of appealability." Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). Instead, because the certificate is "regular on its face and not procedurally defective," we affirm the district court's judgment. Id.

On appeal Carson argues that Instruction No. 24 violated his due process rights because it failed to define the elements of the offense of reckless driving. If this were a direct appeal, we might agree. However, "[w]hen determining whether to grant habeas relief, a federal court's review is limited to examining whether the conviction violated United States law." Crump v. Caspari, 116 F.3d 326, 327 (8th Cir. 1997). See 28 U.S.C. § 2254(d) (listing grounds for granting writ).

Although Carson casts his jury instruction arguments as due process arguments, "[e]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3rd Cir. 1997). Carson's argument that the state appellate court misapplied Conyers "is, at bottom, a question of state law over which we have no jurisdiction." Ragland v. Hundley, 79 F.3d 702, 705 (8th Cir.), cert. denied, 117 S. Ct. 141 (1996). We note, however, that Instruction No. 24 tracks the state supreme court's language in Conyers.[3] To the extent that Carson suggests that Conyers was wrongly decided, "the Supreme Court has made it clear that the states define the elements of state offenses" and "in general there is no constitutional reason why a state offense must include particular elements." Johnson, 117 F.3d at 110 (citing McMillan v. Pennsylvania, 477 U.S. 79, 84-86 (1986)). In addition, Carson's claim concerning the denial of his theory-of-defense instruction does

---

[3]In Conyers, the state supreme court held that the elements of the offense of reckless driving under sections 707.6A and 321.277 were "(1) the conscious and intentional operation of a motor vehicle, (2) in a manner which creates an unreasonable risk of harm to others, (3) where such risk is or should be known to the driver." 506 N.W.2d at 444.

not present a constitutional issue.  See Frey v. Leapley, 931 F.2d 1253, 1255 (8th Cir. 1991).

In any event, even if Carson's claims of instructional error "rose to the level of [] constitutional violation[s], [they] cannot be the basis for habeas relief if [they are] harmless."  Seiler v. Thalacker, 101 F.3d 536, 539 (8th Cir. 1996), cert. denied, 117 S. Ct. 1447 (1997).[4]  Had the trial court instructed the jury, as Carson requested, on willful and wanton conduct[5] and that it should acquit if Carson were merely negligent, in light of the evidence that Carson had consumed alcohol and was driving at 110 miles an hour when he lost control of his car, we have no doubt that the jury's decision would have been the same.

Carson also incorrectly argues that Instruction No. 17, which permitted the jury to infer that a person intends the natural consequences of his acts, "violated his [] right to due process because [it] tended to undermine the requirement of proof beyond a reasonable doubt."  United States v. Clark, 45 F.3d 1247, 1250 (8th Cir. 1995) (internal quotation omitted).  " 'A permissive inference violates the Due Process Clause only if

---

[4]Carson incorrectly argues that instructional error claims are not subject to harmless error analysis because they are "structural" errors.  See California v. Roy, 117 S. Ct. 337, 339 (1996) (per curiam) ("error in the instruction that defined the crime" was not "the structural sort that defies analysis by harmless error standards") (internal quotation omitted).

[5]Carson wanted the jury instructed that "[c]onduct is willful and wanton when a person has intentionally committed an act of unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow, accompanied by a conscious indifference to the consequences."

the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury.' " Id. (quoting Francis v. Franklin,, 471 U.S. 307, 314-15 (1985)).   In light of the evidence of Carson's conduct, "[r]eason and common sense justify [the] . . . inference[s] in this case."  Id.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT