# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2363

_____

Joseph Lee,

    Appellant,

v.

James Gammon, Superintendent,
and Jeremiah (Jay) Nixon,
Attorney General, State of
Missouri,

    Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Western
\*   District of Missouri.
\*
\*
\*
\*
\*
\*

_____

Submitted:  June 13, 2000

Filed:  August 11, 2000

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Joseph Lee was convicted in Missouri state court of first-degree robbery, based on a robbery in which the victim was shot to death.  After the Missouri Supreme Court affirmed his conviction and upheld the denial of his motion for post-conviction relief, *see State v. Lee*, 841 S.W.2d 648 (Mo. 1992) (*en banc*), Mr. Lee petitioned for habeas

corpus relief in federal court. *See* 28 U.S.C. § 2254. The district court[1] denied the petition without a hearing, and Mr. Lee appeals. We granted a certificate of appealability solely as to Mr. Lee's contention that his constitutional rights were violated when the jury was instructed that it could find him guilty of committing first-degree robbery by a method that had not been charged in the information. We affirm the judgment of the district court.

## I.

In Missouri a defendant commits first-degree robbery by forcibly stealing property if, *inter alia*, the defendant, "[c]auses serious physical injury to any person," *see* Mo. Ann. Stat. § 569.020.1(1), or "[i]s armed with a deadly weapon," *see* Mo. Ann. Stat. § 569.020.1(2). Here the state court information alleged that Mr. Lee forcibly stole property and "in the course thereof [he] was armed with a deadly weapon." The jury, however, was instructed to convict Mr. Lee of first-degree robbery if they found that in the course of forcibly taking property from the victim, he "caused [the victim] serious physical injury." The state trial court defined "serious physical injury" as "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body," *see* Mo. Ann. Stat. § 556.061(28).

The Missouri Supreme Court accepted transfer of the case from the state court of appeals, *see* Mo. Const. art. 5, § 10, to address the effect of a verdict-directing instruction that submits a method for committing the crime that differs from the method alleged in the information. *See Lee*, 841 S.W.2d at 649. Relying on state case law, the Missouri Supreme Court found that the difference between the information and the verdict-directing instruction was "material" because it affected "whether [Mr. Lee] received adequate notice from the information," *id.* at 650. The court reasoned,

---

[1]The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri.

however, that Mr. Lee was not prejudiced because there was "absolutely no evidence of serious physical injury to [the victim] other than the gunshot wound," which was the "very evidence" that Mr. Lee contended that he expected to meet at trial, *id.* at 651.

## II.

A federal court may not grant a petition under 28 U.S.C. § 2254 unless the court concludes that the state court adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [United States] Supreme Court ... or ... resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 120 S. Ct. 1495, 1518-23 (2000). In reviewing a state conviction, a federal court also presumes that the state court's factual determinations are correct; this presumption may be rebutted only by clear and convincing evidence, *see* 28 U.S.C. § 2254(e)(1).

The sixth amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation," and is made applicable to the states through the fourteenth amendment. *See Gannett Company, Inc. v. DePasquale*, 443 U.S. 368, 379 (1979). In addition, the due process clause of the fourteenth amendment itself provides the accused with the "clearly established" right to notice of the charges and a "chance to be heard in a trial of the issues raised by that charge." *See Cole v. Arkansas*, 333 U.S. 196, 201 (1948); *see also In re Oliver*, 333 U.S. 257, 273 (1948).

The question before us, we think, is not the adequacy of the state's charging document (primarily a question of state law), but rather whether Mr. Lee actually received notice of the crime of which he was convicted. *See Cokeley v. Lockhart*, 951 F.2d 916, 918-19 (8th Cir. 1991), *cert. denied*, 506 U.S. 904 (1992). Mr. Lee contends that based on the information, he was prepared to show at trial that he neither carried

nor used a gun during the robbery, but that the instruction permitted the jury to convict him of a different crime -- committing first-degree robbery by causing serious physical injury to the victim.

According to the Missouri Supreme Court, however, *see Lee*, 841 S.W.2d at 651, the evidence presented at trial supported only one "serious physical injury":  the gunshot wound to the victim.  Thus, the state court concluded, *id.*, when the jury was asked to determine whether Mr. Lee committed robbery by "[c]aus[ing] serious physical injury to any person," *see* Mo. Ann. Stat. § 569.020.1(1), the jury was necessarily asked whether Mr. Lee was "armed with a deadly weapon," *see* Mo. Ann. Stat. § 569.020.1(2), and thus caused the gunshot wound that occurred during the robbery.  Because Mr. Lee does not contend that he was denied notice that he would have to defend against this charge, we conclude that he cannot prevail on his constitutional claim unless we reject the state court's finding that the gunshot wound was the only conceivable "serious physical injury," *see* Mo. Ann. Stat. § 569.020.1(1).

The Missouri Supreme Court examined all of the evidence presented at trial, including the victim's scrapes, bruises, and black eyes, and determined that only the gunshot wound met the state-law definition given to the jury of "serious physical injury," *Lee*, 841 S.W.2d at 651 n.3.  We believe that this involves a question of state law, which we, of course, may not review, even under the deferential standard of 28 U.S.C. § 2254(d).  *See*, *e.g.*, *Hortonville Joint School District No. 1 v. Hortonville Education Association*, 426 U.S. 482, 488 (1976).  Even assuming that we may review the state court's conclusion on the ground that it involves a factual determination, we do not find that the court's decision "was based on an unreasonable determination of the facts in light of the evidence," *see* 28 U.S.C. § 2254(d)(2).  We therefore conclude that Mr. Lee had both notice and the opportunity to defend against the crime of which he was actually convicted, and thus that his sixth and fourteenth amendment rights were not violated.

### III.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.