# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-1971

———————

Frankie Levi Cole,                                    *
                                                      *
                         Appellant,                   *   Appeal from the United States
                                                      *   District Court for the District
         v.                                           *   of Nebraska.
                                                      *
Frank X. Hopkins,                                     *            [UNPUBLISHED]
                                                      *
                         Appellee.                    *

———————

Submitted: January 14, 2003

Filed: January 22, 2003

———————

Before LOKEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

Frankie Levi Cole petitions this Court for habeas relief from his conviction and sentence for theft by receiving stolen property in Omaha, Nebraska. Cole was observed driving in a stolen Ford Thunderbird with the lights off. Police pursued Cole, who fled first in the car, then on foot, but was apprehended. Cole was tried, found guilty by a jury, and the Nebraska Court of Appeals affirmed his conviction. Cole unsuccessfully filed two pro se petitions for postconviction relief in State court. The Nebraska Court of Appeals summarily affirmed the lower court's denial of relief in each case.

Cole then petitioned the federal district court for habeas relief on many claims. The district court[*] denied the petition but granted a certificate of appealability on one narrow issue: whether fraudulent intent is a material element of the offense of theft by receiving stolen property.

Nebraska law defines theft by receiving stolen property as follows:

A person commits theft if he receives, retains, or disposes of stolen movable property of another knowing that it has been stolen, or believing that it has been stolen, unless the property is received, retained, or disposed with intention to restore it to the owner.

Neb. Rev. Stat. Ann. § 28-517 (Michie 1995). Cole argues the State must prove as an element of the offense that Cole did not intend to restore the car to its owner, and the State failed to do so at trial. Cole raised this issue before the state court in pro se filings but Cole's counsel did not include this issue in any filings presented to the state courts. The State argues this is a question of Nebraska state law, and federal courts reviewing habeas petitions are limited to deciding whether the conviction violated clearly established Federal law. The State also contends that Cole did not raise a federal claim about the element of the offense in state court so the claim is procedurally defaulted.

Habeas review is a limited inquiry. We may grant habeas relief only when the decision of a state court is contrary to or involves an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d) (2000). "A state court decision is 'contrary to' clearly established federal law if the rule applied by the state court directly contradicts Supreme Court precedent or if the state court has reached a result opposite to a result reached by the Supreme Court on 'materially indistinguishable'

---

[*]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

facts." Johnston v. Luebbers, 288 F.3d 1048, 1051 (8th Cir. 2002) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000) (O'Connor, J., concurring)). We do not review questions of state law in habeas proceedings. Lee v. Gammon, 222 F.3d 441, 443 (8th Cir. 2000); Woods v. Solem, 891 F.2d 196, 199 (8th Cir. 1989).

To prevail, Cole cannot argue only that Nebraska law requires proof of fraudulent intent as a material element of theft by receiving stolen property, but also must argue that the state prosecutor's failure to prove this material element denied Cole due process. Woods, 891 F.2d at 199. The State argues that this claim is procedurally defaulted because the fraudulent intent issue was raised pro se, not by counsel, and because it was not raised in proper due process trappings. We disagree. The record indicates that Cole has been advocating this fraudulent element of the offense claim since before his trial. Cole repeatedly requested appointment of counsel who would argue his theory of the case. Although many attorneys were appointed, and excused, none raised Cole's claim. When counsel refused to raise it on appeal, Cole submitted supplemental pro se briefs. Cole has done all he can to place the issue before the courts. Clemmons v. Delo, 124 F.3d 944, 948 (8th Cir. 1997).

Procedural problems aside, we cannot review Cole's claim because, at its root, the claim presents a question of state law. Repackaging the claim in due process wrapping does not transform a state law issue into a federal claim. Carson v. Dir. of the Iowa Dep't of Corr. Servs., 150 F.3d 973, 975 (8th Cir. 1998). "'[T]he Supreme Court has made it clear that the states define the elements of state offenses.'" Id. at 976 (quoting Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997)). There is no Constitutional reason why a state offense must include particular elements. Id.

This case presents a good example of why federal courts do not decide questions of state law in habeas proceedings. Cole's argument rests on the plain language of the statute, specifically the clause excepting receiving stolen property

with the intention of returning it to its rightful owner. Cole cited no Nebraska case defining the elements of the crime of theft by receipt of stolen property. The State explains that Nebraska law did require proof of fraudulent intent in earlier years. See, e.g., State v. Dinverno, 290 N.W.2d 203, 204 (Neb. 1980) (explaining elements of theft by receiving stolen property include receipt of the property, knowing it to be stolen, and intent to defraud the owner according to the 1943 statute); Goldsberry v. State, 92 N.W. 906, 907 (Neb. 1902) (including fraudulent intent as an element of the offense). Nebraska adopted the model penal code approach in 1977. The State argues that Nebraska law abandoned the fraudulent intent construction in favor of the guilty knowledge formulation in the model penal code. Under the guilty knowledge formulation, the defendant must know the property is stolen to have guilty knowledge. Recent Nebraska case law does speak in terms of guilty knowledge. State v. LaFreniere, 481 N.W.2d 412, 414 (Neb. 1992) (defining the central focus of the crime as the accused's knowledge or belief); State v. Nuss, 454 N.W.2d 482, 484 (Neb. 1990) (defining the element of intent as guilty knowledge); State v. Jones, 434 N.W.2d 333, 335-36 (Neb. 1989) (accused's admission the property was not his goes to the requisite guilty knowledge for the offense). Under the State's argument, the clause Cole relies on provides an affirmative defense for persons who receive or retain stolen property with the honorable intentions of returning it, but the clause does not form an element of the offense. See State v. Lopez, 787 P.2d 1261, 1264 (N.M. Ct. App. 1990) (holding under model penal code intent to restore stolen property to the owner is an affirmative defense). Like Cole, the State cites no Nebraska case stating the precise elements of theft by receiving stolen property.

Cole asserts counsel's failure to raise the fraudulent intent claim in state court was ineffective assistance. This issue is beyond the scope of the certificate of appealability. Cole has not moved to expand the certificate, thus we decline to consider whether any of Cole's numerous attorneys provided ineffective assistance.

Cole's petition does not present a debatable issue of federal law; thus, we affirm the district court's denial of habeas relief.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.