787 P.2d 1261

STATE of New Mexico,
Plaintiff–Appellee,

v.

Leo Michael LOPEZ,
Defendant–Appellant.

No. 11099.

Court of Appeals of New Mexico.

Feb. 8, 1990.

Winston Roberts–Hohl, Santa Fe, for defendant-appellant.

Hal Stratton, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HARTZ, Judge.

Defendant appeals his conviction for receiving stolen property. He claims that the district court improperly denied a proposed instruction, that the evidence was insufficient to establish his guilt, that the evidence established entrapment as a matter of law, that he did not knowingly and willingly choose to represent himself, and that the prosecutor committed misconduct requiring reversal. We reverse for failure of the district court to instruct the jury on defendant's theory of the case. We remand for a new trial, rather than dismiss the charge with prejudice, because the evidence sufficed to prove guilt and defendant was not entrapped as a matter of law. We need not address the other issues.

FACTS

Numerous items, including jewelry, were taken from the victim's home on December 17, 1987. The victim hired a private investigator to help recover the stolen jewelry. The state called as witnesses an appraiser, the victim, the investigator, and the sheriff's deputy who arrested defendant.

The state's case was as follows: After learning that defendant, his brother Rudy, and Lawrence Barela had been working as landscapers at the victim's home around the time of the burglary, the investigator contacted defendant and his brother, informing them of the $5,000 reward for recovery of the property. At about 1:00 p.m. on January 8, 1988, the investigator met with the two brothers, who appeared very nervous. The investigator provided a list of the stolen items. The brothers said that they did not have the items but could possibly get them. At 4:00 p.m. they called the investigator to set up a meeting at 6:00. p.m. Defendant, but not his brother, appeared at the 6:00 p.m. meeting. Defendant said that he feared that he would be arrested, but the investigator reassured him. The investigator gave defendant $500 that defendant had requested in order to "buy back" the property. Defendant told the investigator that he had not taken the items but had been at the victim's house when Barela took them. He said that the property was in Truchas and Abiquiu. Defendant said that he was frightened of the persons who had the items and feared for his life. Because it would take a while to recover the property, defendant and the investigator arranged to meet at 11:00 p.m.

At 11:30 p.m. defendant and his nephew arrived at the prearranged rendezvous. Local law enforcement officers observed from a short distance away. Defendant said that Barela had been with him in his truck but had become sick and left. Defendant delivered most of the stolen jewelry to the investigator, explaining that the rest of the property was with a Truchas resident who was not at home. When the investigator was satisfied that the jewelry belonged to the victim, he gave defendant the rest of the reward—$4,500. Defendant told the investigator to tell Barela and Rudy that he was paid only $3,000 so he would not have to share the difference with them; defendant hid $1,500 in his boot. When the investigator suggested that they could do business selling stolen property in the future, defendant responded that the proposal was a good idea. Defendant was then arrested. The $4,500—but not the $500 given to defendant earlier—was recovered. Later defendant offered to assist in recovering the remainder of the jewelry and in "setting up" Barela, but he then changed his mind.

Defendant's sole witness was his nephew. Most of his testimony was irrelevant. On cross-examination he denied that Barela had been in his uncle's truck that night. He admitted, however, that he knew that defendant had purchased the jewelry in Abiquiu, Chimayo, Hernandez, and Truchas.

DENIAL OF DEFENDANT'S REQUESTED INSTRUCTION

The district court instructed the jury as follows with regard to the elements of the offense and the requisite intent:

## INSTRUCTION NO. 3

For you to find the defendant guilty of receiving stolen property, the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1. The jewelry belonging to [the victim] had been stolen;

2. The defendant kept or disposed of this property;

3. At the time he kept or disposed of this property, the defendant knew or believed that it had been stolen;

4. The property had a market value of over $2,500.00;

5. This happened in Rio Arriba County, New Mexico on or about the 8th day of January, 1988.

## INSTRUCTION NO. 5

In addition to the other elements of receiving stolen property, the state must prove to your satisfaction beyond a reasonable doubt that the defendant acted intentionally when he committed the crime. A person acts intentionally when he purposely does an act which the law declares to be a crime, even though he may not know that his act is unlawful. Whether the defendant acted intentionally may be inferred from all of the surrounding circumstances, such as the manner in which he acts, the means used, his conduct and any statements made by him.

Defendant submitted the following proposed instruction:

Evidence has been presented that the defendant received, retained or disposed of the property with the intent to return it to its owner. The presence of such an intent is a defense to the charge of receiving stolen property. The burden is upon the State to prove beyond a reasonable doubt that this defense of intent to return the property to its owner does not apply.

If you find that the defendant did intend to return the property to its owner then you must find defendant not guilty.

This instruction is based on the "unless" clause of the statutory definition of the offense, which reads: "Receiving stolen property means intentionally to receive, retain or dispose of stolen property knowing that it has been stolen or believing it has been stolen, *unless the property is received, retained or disposed of with intent to restore it to the owner.*" NMSA 1978, § 30–16–11(A) (Cum.Supp.1989) (emphasis added). We shall refer to the defense expressed in the "unless" clause as the "intent-to-return" defense.

The trial judge gave three reasons for rejecting the instruction: (1) The element of intent was already adequately covered by the general intent instruction, Instruction No. 5. (2) The instruction misstated the state's burden of persuasion. (3) The instruction does not appear in the Uniform Jury Instructions adopted by our supreme court. We understand the state to contend on appeal that there were also two more reasons why the district court's refusal of the instruction was proper: (1) because returning property for a reward is no different from selling it to a fence, returning the property to the owner is no defense when the motive for the return is to obtain a reward; and (2) the evidence was insufficient to support the defense. We reject the reasons given by the district court and the state's additional contentions.

■ First, we disagree with the district court's view that the intent-to-return defense is covered adequately by Instruction No. 5. Nothing in that instruction, or any other instruction read to the jury, informed the jury that keeping and disposing of stolen property is not criminal if the accused's intent in keeping and disposing of the property is to return it to the owner.

■ Second, we hold that defendant's proposed instruction correctly states the prosecution's burden of proof. Defendant's sole burden was to point to evidence raising a reasonable doubt that his actions were protected by the intent-to-return defense. In other words, the state had the

burden of negating the defense beyond a reasonable doubt. Our statute is similar to a Model Penal Code provision whose drafters assumed that the burden would be so allocated. *See* Part II Model Penal Code and Commentaries § 223.6 comment 4, at 237 (1980). *Accord* 2 Cal.Jury Inst. Crim. 14.66 (Levin 5th ed. 1988) (instruction on receiving stolen property); *Godwin v. United States*, 687 F.2d 585, 589 (2d Cir. 1982). Although it may have been permissible for the legislature to place the burden on the defendant to prove the defense, *see generally* 1 P. Robinson, *Criminal Law Defenses* § 5(b) (1984), New Mexico courts have, in the absence of express legislative language, required the state to disprove such defenses beyond a reasonable doubt. *Compare State v. Lopez*, 91 N.M. 779, 581 P.2d 872 (1978) (insanity); *Esquibel v. State*, 91 N.M. 498, 576 P.2d 1129 (1978) (duress); *State v. Edwards*, 97 N.M. 141, 637 P.2d 572 (Ct.App.1981) (self-defense); *State v. Carrillo*, 80 N.M. 697, 460 P.2d 62 (Ct.App.1969) (entrapment), *cert. denied*, 397 U.S. 1079, 90 S.Ct. 1532, 25 L.Ed.2d 815 (1970), *with State v. Everidge*, 77 N.M. 505, 424 P.2d 787 (1967) (drug law places burden of proof of exceptions on defendant). We point out, however, that the district court must instruct on the defense only if it is raised by the defendant and only if, on the basis of the evidence at trial (whether offered by the state or by the defendant), a reasonable juror could have a reasonable doubt arising from the defense.

■ Third, defendant's proposed instruction should not be rejected solely because it is not among the Uniform Jury Instructions approved by our supreme court. The General Use Note for the Uniform Jury Instructions recognizes that the instructions provided are not exhaustive. *Cf. State v. Kraul*, 90 N.M. 314, 563 P.2d 108 (Ct.App.1977) (defendant entitled to instruction on self-defense although no uniform jury instruction on that defense in

context of charge of battery on police officer). More specifically, the Committee Commentary to SCRA 1986, 14–1650 (the Uniform Jury Instruction for receiving stolen property) states that the defense defined by the "unless" clause is not treated in the instruction. Thus, the Uniform Jury Instructions do not preclude an instruction on the intent-to-return defense when appropriate.

■ Turning to the additional contentions raised by the state on appeal, we hold that the prospect of a reward does not defeat the intent-to-return defense. At common law the defense could apply to one who returned stolen property to the owner for a reward. *See Godwin v. United States*, 687 F.2d at 588. The language of the New Mexico statute's "unless" clause is virtually identical to that found in the Model Penal Code definition of receiving stolen property, Model Penal Code, *supra*, § 223.6(1), at 231 ("unless the property is received, retained, or disposed with purpose to restore it to the owner"), which was intended to codify the common law crime. *See Godwin v. United States*. We conclude that the "unless" clause in our statute encompasses the common-law defense, including its application in the reward context.[1]

The public policy behind permitting the defense in that context is to protect against criminal punishment those, such as private investigators, who seek to earn rewards by ferreting out and returning stolen goods. Not to recognize this defense would be to eliminate the incentive of a reward. This policy applies whether the person seeking the reward delivers the goods to the owner or to an agent of the owner, such as the private investigator in this case. Also, one need not be the most upright of citizens to benefit from the defense. Crime Stopper rewards are granted to those who, prior to learning of the reward, may have been sitting on information about a crime. The

---

1. *Leonardo v. Territory*, 1 N.M. 291 (1859) has language suggesting that one who acquires stolen property to obtain a reward is always guilty of receiving stolen property, but the result in that case appears to be consistent with the principle stated here.

same policy supports the use of rewards to retrieve stolen property by making the intent-to-return defense available to one who has knowledge of the theft or possession of stolen property but who is not moved to assist in recovery of the property until a reward is offered. Thus, defendant's intent to obtain a reward does not defeat the intent-to-return defense, even though a better citizen may have come forward with information about the stolen property before learning of a reward.

Of course, for the intent-to-return defense to apply, the stolen goods should never have been held for any purpose other than to return the goods to the owner. If, for example, one held stolen goods with intent to use them or sell them to a fence, such criminal misconduct is not excused by later delivering them to the owner for a reward. *See id.; State v. Simonson*, 298 Minn. 235, 237, 214 N.W.2d 679, 682 (1974) ("[O]ne who receives or conceals what he knows to be stolen property with the intent to restore it to the owner only if the owner pays a reward does have the requisite wrongful intent.").

The state's remaining contention is that the evidence did not support the intent-to-return defense. The test is whether a reasonable juror could maintain a reasonable doubt of defendant's guilt because defendant may have held and disposed of the stolen property with the sole intent of returning it for the reward that had been offered. *See State v. Lopez* (defendant's burden regarding insanity defense). Reasonable doubt could arise in this case from the possibility that defendant's involvement consisted of only (1) awareness of the burglary, (2) knowledge of where the goods were being kept, (3) use of the $500 from the investigator to purchase the goods from those holding them, and (4) delivery of the goods to the investigator. The trial judge did not reject the proposed instruction on the ground of insufficient evidence to support it. On the contrary, when the prosecutor argued that the jury could not

find an intent to return in the absence of testimony by defendant, the trial judge pointed out that intent could be inferred from the circumstances.

Thus, we hold that defendant was entitled to an instruction on the intent-to-return defense. We note, however, that our holding does not mean that on retrial the district court must adopt defendant's proposed instruction verbatim. The district court, working with trial counsel, may wish to modify the language of the proposed instruction to improve jury comprehension of the intent-to-return defense. For example, the California Uniform Jury Instruction on this issue spells out in some detail (perhaps more detail than is customary in our Uniform Jury Instructions) that the innocent intent must exist at the moment defendant received the stolen property and must continue thereafter. (The public defender, acting as standby counsel for defendant at trial, offered to show the California instruction to the judge, but the judge declined the offer.)

Because we are remanding for a new trial, we need not consider defendant's claims regarding waiver of his right to counsel and alleged prosecutorial misconduct. We must, however, consider defendant's arguments concerning the sufficiency of the evidence and entrapment as a matter of law, because if either of those arguments is meritorious, defendant was entitled to an acquittal after his trial, and retrial is barred. *See Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

SUFFICIENCY OF THE EVIDENCE

We view the evidence in the light most favorable to the state. *See State v. Lankford*, 92 N.M. 1, 582 P.2d 378 (1978). The evidence was sufficient to sustain defendant's conviction.

Although defendant attempted to shoulder Barela with all the blameworthy conduct, his statements to the investigator implied a working relationship among defendant, his brother, and Barela with respect

to the stolen property. Defendant admitted being present at the time of the theft. He also admitted Barela's involvement in producing the stolen goods for the investigator: he said that Barela had accompanied him part of the way to the rendezvous with the investigator before becoming ill and that Barela was to share in the reward. In addition, defendant expressed interest in the investigator's suggestion that they work together in the future in stolen-property transactions; and the jury could have inferred that defendant's nervousness at his first meeting with the investigator and his later expression of fear of being arrested evinced a consciousness of guilt inconsistent with his having been free of culpable dealings with the stolen property.

The jury could rationally have concluded beyond a reasonable doubt that defendant delivered to the investigator stolen property that he had possessed, *see* SCRA 1986, 14–130 (Uniform Jury Instruction definition of "possession"), prior to any offer of a reward. *See State v. Brown,* 100 N.M. 726, 676 P.2d 253 (1984) (stating appellate standard of review of sufficiency of evidence in criminal cases).

### ENTRAPMENT

Defendant raises an entrapment defense for the first time on appeal. Even if the defense had not been waived by failing to raise it at trial, there is no merit to defendant's contention that the evidence demonstrated entrapment as a matter of law. To establish the entrapment defense, defendant must show either (1) he lacked a predisposition to commit the crime or (2) the law enforcement officers exceeded the standards of proper investigation. *See Baca v. State,* 106 N.M. 338, 341, 742 P.2d 1043, 1046 (1987). The first test, the subjective standard, can rarely be established as a matter of law. *See id.* at 339, 742 P.2d at 1044. The jury must weigh the evidence to determine defendant's character in this regard. In this case the testimony regarding defendant's statements to the investigator would support an inference that defendant needed no encouragement to deal in stolen property. As for the second test, the objective standard, the involvement of law enforcement officers in the investigation was rather attenuated. The driving force appears to have been the private investigator. The investigator testified that he was not working for the sheriff's office and agreed only to keep them informed. Nothing in the record suggests that law enforcement officers exceeded the bounds of propriety in their conduct. Entrapment was not established as a matter of law.

### CONCLUSION

For the above reasons we reverse defendant's conviction and remand for a new trial.

IT IS SO ORDERED.

BIVINS, C.J., and MINZNER, J., concur.