IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                                      NO. 27,367

YOLANDA CANDELARIA,

    Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
John Dean, District Judge

Gary K. King, Attorney General
Katherine Zinn, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Convicted of receiving stolen property with a value over $2500, contrary to NMSA 1978, Section 30-16-11(A), (G) (1987) (amended 2006), Defendant appeals. She asserts: (1) there was insufficient evidence to prove that she knew or believed the property to be stolen or that the value of the property exceeded $2500; (2) there was

fundamental error in failing to instruct the jury on the definition of "market value"; and (3) there was abuse of discretion in denying her motion for a new trial based on newly discovered evidence. We affirm.

**BACKGROUND**

Victim's camper trailer was stolen from his property in July 2005. A police detective discovered the trailer on Defendant's property the following month. Defendant was charged with one count of receiving stolen property, and the jury found her guilty. Defendant's motion for a new trial on the basis of newly discovered evidence was then denied and this appeal followed.

**DISCUSSION**

**1.     Sufficiency of the Evidence**

Defendant asserts that insufficient evidence was presented to prove two essential elements: (1) that Defendant knew or believed that the trailer was stolen; and (2) that the market value of the trailer was over $2500. The State bears the burden of offering "sufficient evidence to prove each element of the crime charged, beyond a reasonable doubt." *State v. Baca*, 1997-NMSC-059, ¶ 13, 124 N.M. 333, 950 P.2d 776. "The evidentiary burden imposed on the State as a matter of due process is the production of evidence into the record, from which a rational fact-finder could find the facts necessary to support each element of the crime charged." *Id.* "In reviewing the sufficiency of evidence used to support a conviction, we resolve all disputed facts

in favor of the State, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**(A)     Knowledge of Stolen Property**

"A person has knowledge of stolen property if he or she either (1) actually knows the property is stolen, (2) believes the property is stolen, or (3) has his or her suspicions definitely aroused and refuses to investigate for fear of discovering that the property is stolen." *State v. Sizemore*, 115 N.M. 753, 757, 858 P.2d 420, 424 (Ct. App. 1993). "Unless a defendant admits knowledge of the fact that goods he has received are stolen, this knowledge of necessity must be established by circumstantial evidence." *State v. Lindsey*, 81 N.M. 173, 177, 464 P.2d 903, 907 (Ct. App. 1969).

We do not summarize all the evidence introduced at trial, as we deem the following sufficient. Defendant said she received the trailer from her stepbrother, who brought it to her property and told her she could have it without paying for it. Defendant said she had her stepbrother sign a bill of sale for the trailer but when the police found the trailer on her property, she was not able to produce it. Defendant acknowledged that her stepbrother was "not a perfect person," and that she had suspicions that the trailer might be stolen. Defendant was experienced in purchasing trailers and was familiar with how titles were changed at the motor vehicle division, as well as how to check at the motor vehicle division who is the registered owner.

However, she never went to the motor vehicle division to find out who the registered owner was or to change title into her own name. When the trailer was discovered by the police on Defendant's property, the license plate and eave with the "Wilderness" logo had been removed.

While Defendant presented evidence favorable to her case, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *Rojo*, 1999-NMSC-001, ¶ 19. Viewing the evidence in the light most favorable to the verdict, and resolving all conflicts and indulging all reasonable inferences in favor of the verdict, *id.*, we hold that the circumstantial evidence presented at trial was sufficient to support a rational jury's determination that Defendant knew or believed the trailer to be stolen.

**(B)    Market Value of Stolen Property**

Defendant argues that the market value of the trailer was never established, arguing that the only evidence presented regarding the value of the trailer was Victim's testimony that he traded a truck for the trailer, and the truck later sold for $3000. Defendant further argues that the value of the trailer at the time she received it was likewise not proved.

Defendant relies on *State v. Contreras*, 1996-NMCA-045, ¶ 9, 121 N.M. 550, 915 P.2d 306, for the proposition that "inferences based on conjecture" are an insufficient basis for a determination of value. Defendant's reliance on *Contreras* is

misplaced. In *Contreras*, trial testimony implied that the ticket price of a stolen necklace was in a range either above or below the amount required for conviction of the charged crime. *Id.* Because the evidence equally supported both hypotheses, the jury had no evidentiary basis upon which to infer the necklace's actual value. *Id.* In contrast, the jury in this case could rationally infer that the market value of the trailer was over $2500 based on the Victim's testimony.

Defendant concedes that under New Mexico law, an owner's testimony as to the value of stolen goods is sufficient to establish market value. *See State v. Hughes*, 108 N.M. 143, 145-46, 767 P.2d 382, 384-85 (Ct. App. 1988) ("It is clear that an owner of personal property may testify concerning the value of the property and that such testimony is sufficient to support a jury's determination of value."); *State v. Zarafonetis*, 81 N.M. 674, 677, 472 P.2d 388, 391 (Ct. App. 1970) ("It is a general rule, contrary to [a] defendant's contention, that an owner of chattel property is competent to testify as to the value of his property."). While Victim did not testify as to the date of the trade, he was asked specifically what he believed to be the value of the trailer in the summer of 2005, and he responded "approximately $3000." Thus the jury could properly and reasonably infer from all the evidence that when the trailer was stolen in July 2005, its value was over $2500.

Viewing the evidence in the light most favorable to the verdict, and indulging all reasonable inferences in favor of the verdict, we hold that the evidence presented

5

was sufficient to support a rational jury's determination that the market value of the trailer exceeded $2500.

**2.      Jury Instruction**

Defendant contends that the trial court erred in failing to instruct the jury on the definition of "market value." Defendant concedes that she did not object to the omission of this instruction during the trial. Accordingly, our review is limited to determining whether the omission amounted to fundamental error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134.

The jury was instructed on the essential elements of the crime in accordance with UJI 14-1650 NMRA, which required the jury to find, as an element, that the trailer had a market value of over $2500. UJI 14-1602 NMRA defines "market value" and the use note to UJI 14-1602 directs that it is to be used "if market value is in issue." We therefore first determine if market value was in issue in this case.

In this case, Defendant did not present any evidence concerning the value of the trailer, unlike the defendant in *State v. Barber*, 2004-NMSC-019, ¶¶ 11-12, 135 N.M. 621, 92 P.3d 633. The only evidence concerning the value of the trailer was that presented by the State. Victim testified that he estimated the value of the trailer to be $3000 because he traded a truck for the trailer, and the truck was subsequently sold for $3000. While Defendant questioned Victim and the investigating officer about the fact that they never ascertained the "Blue Book" value of the trailer, Defendant did not

6

introduce evidence establishing an alternate value for the trailer or that the $3000 value was incorrect. Defense counsel's cross examination about the value of the trailer was simply a challenge to the adequacy of Victim's opinion about the value of the trailer. No competing evidence was presented placing market value of the trailer "in issue" for the jury to decide.

Furthermore, to find fundamental error, "we must place all the facts and circumstances under close scrutiny to see whether the missing instruction caused such confusion that the jury could have convicted Defendant based upon a deficient understanding of the legal meaning of [the term] as an essential element of the crime." *Id.* ¶ 25. There is a distinction between jury instructions setting forth essential elements of the crime and jury instructions which simply provide a definition or amplification of an essential element. *See State v. Doe*, 100 N.M. 481, 483, 672 P.2d 654, 656 (1983). Furthermore, definitional instructions are not generally required when the terms are used in their ordinary sense and no error is committed when no instruction is given on a term or word with a common meaning. *See State v. Gonzales*, 112 N.M. 544, 553, 817 P.2d 1186, 1195 (1991). A dictionary definition of "market value" is "the price that a commodity can be expected to bring when sold in a given market." Webster's New World Dictionary (3d Coll. ed. 1994). This conventional understanding parallels the definition contained in UJI 14-1602: "the price at which the property could ordinarily be bought or sold at the time" of the

alleged criminal act. We therefore conclude that the missing instruction did not cause such confusion that the jury could have convicted Defendant based upon a deficient understanding of the meaning of "market value." We hold that no fundamental error occurred when the trial court failed to instruct the jury on the meaning of market value set forth in UJI 14-1602.

**3.     Motion for a New Trial**

Defendant asserts that the trial court committed error in refusing to grant a new trial based on newly discovered evidence. *State v. Moreland*, 2008-NMSC-031, ¶ 9, 144 N.M. 192, 185 P.3d 363 directs:

> Because the trial judge has observed the demeanor of the witnesses and has heard all the evidence, . . . the function of passing on motions for new trial belongs naturally and peculiarly to the trial court. [W]e will not disturb a trial court's exercise of discretion in denying or granting a motion for a new trial unless there is a manifest abuse of discretion. An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason. When there exist reasons both supporting and detracting from a trial court decision, there is no abuse of discretion.

(alterations in original) (internal quotation marks and citations omitted). Furthermore, a motion for a new trial based on newly discovered evidence is governed by the factors set forth in *State v. Volpato*, 102 N.M. 383, 384-85, 696 P.2d 471, 472-73 (1985). A new trial is warranted if:

> the newly-discovered evidence is such that . . . (1) it will probably

change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it could not have been discovered before the trial by the exercise of due diligence; (4) it must be material; (5) it must not be merely cumulative; and (6) it must not be merely impeaching or contradictory.

*Id.*

We conclude that the first requirement was not satisfied. At the hearing on the motion for a new trial, Defendant's stepbrother testified that a person named Jason Bizzell asked him to tow the trailer to Defendant's property because he (Bizzell) had heard that Defendant wanted to buy a trailer. Stepbrother also stated that he did not know the trailer was stolen. Stepbrother testified that Defendant offered to pay Bizzell $400, but would only do so when Bizzell provided her with the title. This testimony directly conflicts with Defendant's own trial testimony in which she stated that when her stepbrother brought her the trailer, he told her that their parents did not have room for it and that she could have it without payment. At the hearing stepbrother also admitted that he had used a variety of drugs extensively, he was currently incarcerated, he had previously been incarcerated for breaking and entering, and he had previously stolen property. Therefore, it was within the realm of discretion for the trial court to conclude that the stepbrother's contradictory testimony would have been given such weight by the jury that it would probably have changed the outcome of the trial. *See State v. Smith*, 104 N.M. 329, 333, 721 P.2d 397, 401 (1986) (holding that a trial court did not abuse its discretion in denying the defendant's

9

motion for a new trial where the witness's proposed testimony was "so subject to impeachment that a new jury, hearing it along with all the evidence offered at the first trial, would give [the witness's] statements little weight and probably would not reach a different verdict") *overruled on other grounds by Gallegos v. Citizens Ins. Agency*, 108 N.M. 722, 731, 779 P.2d 99, 108 (1989). We therefore do not consider the remaining factors in considering whether a new trial on the basis of newly discovered evidence should have been granted in the discretion of the trial court. We hold that the trial court did not abuse its discretion in denying Defendant's motion for a new trial.

**CONCLUSION**

The judgment and sentence is affirmed.

**IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Chief Judge**


_____

10

**MICHAEL D. BUSTAMANTE, Judge**