This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                    **NO. 31,441**

**ROSANNA "KIM" RIVERA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**George F. Eichwald, District Judge**

Gary K. King, Attorney General
Santa FE, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

    Defendant was convicted of fourteen counts of forgery for writing checks against her mother's checking account without her permission. Defendant raises three

issues on appeal: (1) whether the district court erred in admitting three Bank of America letters, (2) whether the district court erred when it allowed the State to argue that Bank of America was a victim of the forgery, and (3) whether there was sufficient evidence to convict Defendant at trial. This Court issued a calendar notice proposing to affirm Defendant's convictions. Defendant has filed a memorandum in opposition to this Court's proposed disposition, which we have duly considered. Unpersuaded, we affirm.

**Admission of the Letters**

Defendant contends that the district court erred by permitting the admission of three Bank of America letters in which the Bank alleged that fraudulent activity had occurred. In her docketing statement, Defendant argued that the admission of the letters intruded on the province of the jury because the letters contained a conclusion that the crime of fraud had occurred. We issued a calendar notice proposing to conclude that the district court did not abuse its discretion in admitting the letters since the jury was still required to find each of the elements of forgery and the letters did not contain any conclusions regarding whether the crime of forgery had occurred.

In Defendant's memorandum in opposition, she clarifies that the letters just state generally that a crime has occurred and do not allege either that the specific crime of fraud or forgery has been committed. [MIO 4] Defendant, however,

2

maintains that the conclusion contained in the letters that a crime has occurred invaded the province of the jury and created a reasonable probability that the jury's verdict was affected by the erroneously admitted letters. [MIO 5] Defendant states that it was the State's burden to prove that she made a false signature and intended to deceive or cheat her mother, Theresa Arellanes, or another, and argues that the admission of the letters resolved these issues for the jury.

We disagree. According to Defendant's description of the letters, the letters do not contain any statement that Defendant made a false signature or intended to deceive or cheat her mother. The mere fact that the letters state that fraudulent activity had occurred with respect to Arellanes's account does not resolve the ultimate issue of whether Defendant committed the crime of forgery. Because Defendant has not provided this Court with any authority in her memorandum in opposition that would support a different conclusion, we conclude that the district court did not abuse its discretion in admitting the letters. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) *(*"A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."); *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (providing that if no authority is cited in support of the issue we assume no such authority exists).

**Due Process**

Defendant contends pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985), that the district court violated Defendant's right to due process when it permitted the State to implicitly argue that Bank of America was the victim of the forgery. We issued a calendar notice in which we noted that procedural due process requires the State "to provide reasonable notice of charges against a person and a fair opportunity to defend." [CN 3 (quoting *State v. Baldonado*, 1998-NMCA-040, ¶ 21, 124 N.M. 745, 955 P.2d 214)] We also noted that the indictment identified the date of the alleged forgery, that Defendant made a false endorsement, the last four digits of the account against which the endorsement was made, and that the victim was "Theresa Arellanes or another." [CN 4; RP 1] We proposed to conclude, based on this information, that the indictment contained sufficient particularity to satisfy due process. [CN 4]

In her memorandum in opposition, Defendant continues to argue that her due process rights were violated because she did not have a fair opportunity to prepare a defense. Specifically, Defendant argues that her defense was that she never intended to defraud her mother and was "paying on the loans." [MIO 6] Defendant contends that the State implicitly arguing that the Bank was the victim was a critical variance from the indictment. [MIO 6]

4

In this Court's calendar notice we pointed out that, to the extent Defendant was arguing that the failure to specifically name the Bank in the indictment violated her due process rights, Defendant had not provided this Court with any case indicating that these facts constitute a due process violation. [CN 4]  In her memorandum in opposition, Defendant still provides this Court with no relevant authority.  Instead, Defendant merely rests her argument on the same general principle of law this Court quoted above.  This Court operates under a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error. *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211.  We conclude that Defendant has failed to satisfy this burden.

**Insufficient Evidence**

Defendant contends pursuant to *Franklin* and *Boyer* that there was insufficient evidence to support her convictions.  We proposed to conclude that, based on Defendant's testimony that she wrote the checks on her mother's account and Arellanes's testimony that she had not given Defendant permission to do so, was sufficient to support Defendant's convictions for forgery.  [CN4-5]  In her docketing statement, Defendant directed this Court to her testimony that she had permission from Arellanes to write the checks, and that Arellanes was alleging Defendant's signature was unlawful because of a family property dispute between Defendant and

Arellanes. [DS 3-4] In this Court's calendar notice, we pointed out that "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." [CN 5 (quoting *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829)]

In her memorandum in opposition, Defendant relies on *State v. Sizemore*, 115 N.M. 753, 756, 858 P.2d 420, 423 (Ct. App. 1993), for the proposition that this Court should consider Defendant's explanation for her conduct. We conclude that Defendant's reliance on *Sizemore* as requiring reversal in this case is misplaced. *Sizemore* addresses whether the State presented sufficient evidence to prove constructive possession. To the extent *Sizemore* involves conflicting testimony it is in relation to whether the defendant slept in the bedroom where two stolen knives were later found. The defendant's mother claimed that the defendant had slept in the bedroom the night before the police searched the premises, and the defendant claimed she had slept on the living room couch. This Court concluded that, even if the defendant had slept in the room the night before the search, this fact was legally insufficient to establish constructive possession. *Id.* at 758, 858 P.2d at 425.

Unlike *Sizemore,* the evidence presented by the State in this case is not legally insufficient. Rather, in the present case, Defendant is pointing out that there is conflicting testimony with respect to her intent. Defendant contends that she had

6

permission to write the checks and Arellanes testified that she did not. To the extent that this testimony is conflicting, we must view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *State v. Apodoca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994). Consequently, we conclude that there was sufficient evidence to support Defendant's convictions.

**CONCLUSION**

For the reasons stated above and in this Court's notice of proposed disposition, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**JONATHAN B. SUTIN, Judge**

7