This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38158**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MICHAEL H. PRICE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals from his conviction for injuring or tampering with a motor vehicle. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant continues to contend that the evidence is insufficient to support his conviction. [MIO 2] Defendant has not asserted any new facts, law, or argument that persuade us our notice of proposed disposition

was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." ); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Defendant to our analysis therein.

**{3}** To the extent Defendant now contends that his conviction was impermissibly based on conjecture, because that there was no "actual" evidence presented that Defendant damaged the car, we disagree. [MIO 5, 6] Defendant relies on *State v. Sizemore*, 1993-NMCA-079, ¶¶ 3-6, 115 N.M. 753, 858 P.2d 420, to argue that this Court cannot ignore evidence favorable to him that is undisputed by the State and must consider his version of the facts in our sufficiency analysis. [MIO 4-5] However, *Sizemore* carefully considered the specific legal sufficiency of the undisputed evidence of constructive possession of stolen property and did not merely accept the defendant's version of the facts in the face of contrary evidence presented by the state. *Id.*

**{4}** Here, the evidence presented at trial established that Defendant was in the area of the vehicle on the day of the incident. [MIO 1- 2] Defendant's version was that he had cut his hand while fishing nearby, heard a strange noise, and wanted to see if anyone needed help so he walked up to look inside the car window but then left when he did not see anyone. [Id.] We consider this, together with the actual physical evidence—his blood—that was discovered on the outside of the driver's side door of the vehicle, which had its driver side window removed and placed underneath, and conclude that the evidence was sufficient to support the jury's determination that Defendant committed the damage to the car. [MIO 1-2] Though Defendant presented an alternative version of events to the jury, the jury was free to reject Defendant's version of the facts. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. As such, Defendant's reliance on *Sizemore* is inapt.

**{5}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's judgment and sentence.

**{6}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**