This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41452**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**ADRIAN ALVEAR,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Emeterio L. Rudolfo, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022 (the Administrative Order). Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in the Administrative Order, we affirm for the following reasons.

**{2}** Defendant is appealing his conviction for receiving or transferring a stolen motor vehicle. Defendant's sole issue on appeal is whether the State presented sufficient evidence to support his conviction. [BIC 6]

**{3}** When considering a sufficiency of the evidence challenge, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{4}** In order to convict Defendant of receiving or transferring a stolen motor vehicle, the jury was instructed, in relevant part, that the State must prove that Defendant was in possession of a white Kia sedan that had been stolen or unlawfully taken, and that Defendant knew or had reason to know that the vehicle had been stolen or unlawfully taken. [RP 143] *See State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 (stating that jury instructions become the law of the case for purposes of reviewing a sufficiency issue). A defendant's knowledge that property is stolen may be circumstantially proved by a defendant's unexplained possession of that property. *State v. Sizemore*, 1993-NMCA-079, ¶ 6, 115 N.M. 753, 858 P.2d 420.

**{5}** Here, the State presented evidence that Defendant was driving a white Kia and was involved in a traffic accident. [BIC 2] Two detectives responded to the crash because the Kia matched a vehicle that had fled the scene of a crime site. [BIC 2] One of the detectives checked the VIN on the Kia and it did not match the license plate. [BIC 2] Another detective testified that the driver's side door was damaged and had signs of tampering, most relevant being a large hole in place of the locking mechanism, and damage to the console area and the interior electronics. [BIC 3] Based on these observations, the detective testified that it was his opinion that the Kia had been stolen. [BIC 3] This belief was proved true when the registered owner of the vehicle testified that the Kia had been stolen from her driveway about four months prior to the accident that was the subject of this investigation. [BIC 4-5] Defendant testified that he did not know that the vehicle was stolen, and that he had purchased it from someone named "Loco Joe," but he had yet to register it and he could not give any specific contact information for the seller. [BIC 3-4]

**{6}** Based on the foregoing, we conclude that the State presented sufficient evidence to support the conviction based on a finding that Defendant "had reason to know" that the vehicle was stolen. [RP 143] Although Defendant points to a detective's testimony that a lay person may not know specifically what to look for purposes of knowing that a

car had been stolen, there was an abundance of red flags in this case. *State v. Caldwell*, 2008-NMCA-049, ¶ 33, 143 N.M. 792, 182 P.3d 775 ("Guilty knowledge is rarely susceptible of direct and positive proof and generally can be established only through circumstantial evidence." (internal quotation marks and citation omitted)). Adding to this is the failure by Defendant to register the vehicle, which could be construed as an effort to avoid the consequences of possessing a stolen vehicle. *See State v. Lujan*, 1985-NMCA-111, ¶ 36, 103 N.M. 667, 712 P.2d 13 (noting that a defendant's actions, such as flight or attempts to deceive police, tend to show consciousness of guilt). Although actual knowledge was not required, at a minimum the indications here would lead a reasonable person to suspect that the vehicle had been stolen. Finally, the jury was free to reject the defense testimony, and to resolve the conflicts in favor of the State. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (observing that it is not for this Court to determine weight or credibility or reweigh conflicting evidence, and the jury is free to reject the defendant's version of the facts).

**{7}** For the reasons set forth above, we affirm.

**{8} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**